**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| VERONICA W. OGUNSULA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | **Case No.: GJH-15-1297** |
| v. | * | |
| ERIC H. HOLDER, JR., ET AL., | | |
| | * | |
| Defendants. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

This case was filed by Plaintiff Veronica Ogunsula ("Plaintiff") and was transferred to this Court from the United States District Court for the District of Columbia on May 6, 2015. *See* ECF No. 5.  The complaint was accompanied by a Motion for Leave to Proceed in Forma Pauperis and an Emergency Motion for Order to Vacate and Rescind Eviction.  *See* ECF Nos. 2 and 3.  Because Plaintiff appears indigent, her Motion for Leave to Proceed in Forma Pauperis shall be granted.  For the reasons stated below, however, Plaintiff's complaint must be dismissed and the Emergency Motion denied.

Plaintiff's 74-page complaint concerns events dating back to 2005 and depicts a complicated conspiracy theory culminating in a foreclosure on Plaintiff's home and subsequent eviction from the premises.[1] The defendants in this action include, but are not limited to, current and former federal prosecutors, current and former state prosecutors, federal agents, local police

---

[1]  *See Geesing v. Ogunsula*, Case No. CAE13-07229 (Cir. Ct. for Pr. G. Co. 2013) (indicating that Plaintiff was evicted from her home on April 23, 2015); http://casesearch.courts.state.md.us/inquiry.

chiefs, real estate agents, and church pastors. The allegations are as boundless and seemingly

disconnected from one another as the list of defendants. In short, Plaintiff believes that during

her employment with a Prince George's County government agency that was connected to the

Department of Homeland Security, she witnessed fraud and abuse regarding payments to a

contractor.  She further alleges that she was the victim of various acts of wrong-doing at various

times and in various jurisdictions, including, but not limited to, stalking, burglary, and a sexual

assault. Plaintiff contends that she reported this activity to various law-enforcement Defendants

and that they did not process her reports. As a result, Plaintiff alleges that a cascade of

consequences followed, including the loss of her job and foreclosure on her house.  *See* ECF No.

1. As such, Plaintiff instituted this action against Defendants regarding, among other allegations,

their failure to investigate her complaints, witness intimidation and conspiracy, and the

foreclosure and subsequent eviction.

As it relates to her foreclosure and eviction, Plaintiff claims that "Fannie Mae and its

agents, did not provide proper notification to the plaintiff regarding the eviction nor were they or

their agents responsive to the plaintiff (sic) request for information regarding the eviction."  ECF

No. 3.  She further claims that the Sheriff for Prince George's County knowingly "executed an

improper and fraudulent eviction on April 9, 2015." *Id*. Based on these allegations, Plaintiff

asserts various causes of action arising under 42 U.S.C. §§1983, 1985, 1986, and 1994, as well

as claims under 18 U.S.C. §§1512 and 1513.  *See* ECF 1 at 35-7.  Specifically, Plaintiff

enumerates 15 counts, each of which relies on her assertion that her constitutional rights were

violated by Defendants' failure to initiate criminal prosecutions upon receipt of her complaints

and the alleged failure to provide proper notice to her prior to her eviction from her home on

April 9, 2015. *Id*.

The events not directly related to the eviction described in the complaint which occurred more than three years ago are barred by the statute of limitations.  "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Proc. Code Ann.§ 5-101.  "Statutes of limitations, like the one contained in [Md. Cts & Jud. Proc. Code Ann.] § 5-101, are intended simultaneously to 'provide adequate time for diligent plaintiffs to file suit,' to 'grant repose to defendants when plaintiffs have tarried for an unreasonable period of time,' and to 'serve societal purposes,' including judicial economy." *Doe v. Maskell*, 342 Md. 684, 689 (Md. 1996) (*quoting Pennwalt Corp. v. Nasios*, 314 Md. 433, 437 (Md. 1988)). Here, a number of Plaintiff's § 1983 claims are premised on facts and circumstances that arose well before the applicable three-year statute of limitations. Those claims are therefore barred and must be dismissed.

The claims asserted under §1983 which are not time-barred, nonetheless fail to state a claim upon which relief may be granted.  Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).  The failure of law enforcement or a prosecutor's office to investigate or prosecute an alleged crime is not actionable and does not infringe on the constitutional rights of the alleged crime victim. *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." ); *see also*

*Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997). All Defendants against whom such claims could even logically be made are either law enforcement officers or prosecutors. As such, their failure to act upon Plaintiff's reports simply does not give rise to a viable § 1983 claim as Plaintiff has no constitutional right to insist on the criminal prosecution of others.[2]

Because Plaintiff does not have a constitutional right to insist on the criminal prosecution of others, her conspiracy claims under 42 U.S.C. §1985 also fails. A cause of action under §1985(3) requires proof of a conspiracy to deprive a person of "rights or privileges" under the law. Absent evidence that Plaintiff's rights were violated by Defendants, there is no claim under §1985.

As for Plaintiff's claim under 42 U.S.C. §1986, a cause of action under this section is dependent upon establishment of elements constituting a claim under §1985.  Specifically it requires a showing that Defendants had knowledge of the "wrongs conspired to be done, and mentioned in §1985 of this title" and failed to prevent those wrongs from occurring.  42 U.S.C. §1986.  Plaintiff has failed to state a cause of action under §1985 and has therefore failed to state a claim under §1986. *See Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984) ("Hence, there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985.").

Plaintiff's reliance on 42 U.S.C. §1994 is also misplaced. Section 1994 abolished peonage and prohibits "acts, laws, resolutions, orders, regulations, or usages of any Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any

---

[2] Discretion has been granted to federal district judges under § 1915 to screen out meritless cases filed by *pro se* plaintiffs who are proceeding without prepayment of costs, where the complaints lack an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995).

attempt shall hereafter be made to establish, maintain, or enforce, directly or indirectly, the voluntary or involuntary service or labor of any persons as peons, in liquidation of any debt or obligation." 42 U.S.C. §1994. "The legislative purpose of that Act was to implement the Thirteenth Amendment by striking down all laws and usages in the states and territories which attempt to maintain and enforce the involuntary service of any person as a peon, in liquidation of any debt." *Whitner v. Davis*, 410 F.2d 24, 30 (9th Cir. 1969). Nothing in the complaint suggests that Plaintiff was subjected to involuntary employment or service for purposes of liquidating a debt. To the extent Plaintiff characterizes her mortgage financed through Fannie Mae as "indebtedness" for purposes of a claim asserted under §1994, she was not forced to work without pay to discharge that debt. This claim is frivolous.

The remaining two provisions under which Plaintiff asserts a cause of action, 18 U.S.C. §§1512 and 1513, are criminal statutes prohibiting witness tampering and retaliation against a witness. Neither provision establishes a right to bring a civil cause of action based on an allegation that the statutes were violated and thus Plaintiff's allegations they were violated do not state a claim upon which relief may be granted. *See Shahin v. Darling*, 606 F.Supp.2d 525, 538-39 (D. Del. 2009) (dismissing civil claims brought by plaintiff pursuant to 18 U.S.C. §§ 1512 and 1513 because neither criminal statute authorizes a private cause of action).

With respect to Plaintiff's claim regarding the alleged improper foreclosure on and eviction from her home, her claim is not appropriately brought in this Court. "Under the *Rooker-Feldman*[3] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003) (quoting *Johnson v.*

---

[3] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

*De Grandy*, 512 U.S. 997, 1005-06 (1994)).  The *Rooker-Feldman* doctrine is jurisdictional and, as such, this Court is free to raise it *sua sponte*. *See Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 197 n. 5 (4th Cir. 1997).  "[T]he *Rooker-Feldman* doctrine . . .  preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *Stillwell*, 336 F. 3d at 391.

This Court may not grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  Where the Anti-Injunction Act bars injunctive relief, issuance of a declaratory judgment that would have the same effect as an injunction is also unavailable.  *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (declaratory relief has virtually the same practical impact as a formal injunction).  Additionally, where equitable relief is sought regarding property that is already the subject of an ongoing *in rem* action in another court, the court controlling the property for purposes of the earlier-filed suit has exclusive jurisdiction over the property.  *See Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (the jurisdiction of the second court must yield to the court where the matter was first pending).  Thus, Plaintiff's Motion for Order to Vacate and Rescind Eviction (*see* ECF No. 3) must be denied. To the extent Plaintiff believes the foreclosure and eviction were improper, she must avail herself of appellate review in the Maryland state courts.

In addition to the above noted deficiencies, the complaint, in its entirety, fails to comply with the requirements of Fed. R. Civ. Proc. 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1), which requires that each averment of a pleading be "simple, concise, and direct." The instant complaint contains a

6

plethora of extraneous information seemingly unrelated to the claims asserted.  As such, it does not provide Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

For the reasons set forth herein, all counts of Plaintiff's complaint shall be dismissed and the Motion for Order to Vacate and Rescind Eviction denied by separate Order which follows.

Dated: <u>June 22, 2015</u>                              _____/S/_____

                                                                    George J. Hazel
                                                                    United States District Judge